FOR THE

## COUNTIES OF HAMPSHIRE AND FRANKLIN, AT GREEN-FIELD, SEPTEMBER TERM, 1873.

PRESENT:

HON. HORACE GRAY, CHIEF JUSTICE.
HON. JAMES D. COLT,
HON. SETH AMES,
HON. MARCUS MORTON,           } JUSTICES.
HON. WILLIAM C. ENDICOTT,

## HAMPSHIRE COUNTY.

### COMMONWEALTH vs. CHARLES BUSH.

Whether the force used as a defence against a battery is appropriate in kind and in degree is a question for the jury.

A complaint dated September 2 charged the defendant with the commission of an assault and battery upon the complainant on the same day; the complainant in his testimony stated the time as the second Monday of September, and the defendant testified withou making any statement as to the time. *Held*, that from this evidence under appropriate instructions the jury might find that the assault was committed on the second day of September and before the issuing of the warrant.

COMPLAINT to a trial justice, by Bernhardt Leipshutz, charging the defendant with an assault and battery upon the complainant on the second day of September, 1872. The complaint also bore date September 2, 1872.

At the trial on appeal in the Superior Court before *Bacon*, J., the complainant testified that on the second Monday of September, 1872, he was coming from a meeting of Germans to his home, when he was overtaken by the defendant, who had also attended the meeting, both being on the sidewalk; that angry words passed between them as to the defendant's boy; that he told the defendant his boy was a liar, whereupon the defendant struck him; that he went from the sidewalk into the street, and the defendant followed him into the road and struck and kicked him.

The defendant testified that he overtook the complainant and they had angry words about the boy, when the complainant went out into the street and dared him to come out into the street; that he kept on the sidewalk till he reached Massasoit Street, where he was to turn off to go to his home, when the complainant came from the street to the sidewalk and took hold of his shoulder and tore his coat, and then took hold of his ear, whereupon he took hold of the complainant and they both kicked at the same time. He also testified that he did not touch the complainant at any time till the complainant tore his coat and had hold of his ear.

The defendant asked the court to rule that if the complainant caught hold of his shoulder and then of his ear, he would not be guilty if he should then clinch the complainant and should kick the complainant at the same time the complainant kicked him. He also asked the court to rule that upon the evidence, he could not be convicted.

The court declined so to rule, and ruled, among other instructions to which no exception was taken, that it was a question for the jury to decide whether upon the whole evidence the defendant used unjustifiable force upon the complainant; that words cannot justify an assault; that the defendant had a right to use reasonable force proper in kind and degree to protect his person against an assault or an immediately impending assault, and could be convicted in this case only upon evidence that proved beyond a reasonable doubt that the defendant used more force than was necessary, or force improper in kind and degree, under all the circumstances of the case, for defence against either an actual assault, or an immediately impending assault.

The jury found the defendant guilty, and he alleged exceptions.

D. W. Bond, (H. H. Bond with him,) for the defendant.

C. R. Train, Attorney General, for the Commonwealth.

COLT, J. It is always a question of fact for the jury whether the force which is used as a defence against an assault is appropriate in kind and degree. The jury were here told that the defendant had a right to use reasonable force proper in kind and degree to protect his person. This was all that the case required upon the points complained of in the exceptions, and permitted the jury to make all due allowance for infirmity of human passion and impulse in resisting a sudden blow. If more particular instructions upon this point were desired, the attention of the court should have been distinctly called to them. *Commonwealth v. Clark*, 2 Met. 23.

Other instructions were given which are not reported, and under them the jury must have found that the assault complained of was committed by the defendant on the second of September before the warrant was issued, notwithstanding the complainant testified, inadvertently, no doubt, that it was on the second Monday of September. *Exceptions overruled.*